UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

RYAN T. McMULLEN,

    Petitioner-Appellant,

v.

FRANK VANIHEL, Warden,

    Respondent-Appellee.

Case No. 20-3273

### Motion to Substitute Party

Petitioner Ryan T. McMullen, through counsel, moves to substitute Melissa Stephenson and Gary Dalton in place of Respondent Frank Vanihel, pursuant to Federal Rule of Appellate Procedure 43(b) and Circuit Rule 43.

This appeal concerns the denial of McMullen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A petitioner seeking habeas relief must name the state officer having custody of him as the respondent to the petition. R. Governing § 2254 Cases in the U.S. Dist. Cts., Rule 2(a). Typically, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. *Brittingham v. United States*, 982 F.2d 378, 279 (9th Cir. 1992); *see, e.g.*, *Rogers v. Nelson*, 81 F.3d 163, 1996 WL 149344, at n.** (7th Cir. 1996) (table). When McMullen filed his pro se habeas petition in the district court, he was incarcerated at the Wabash Valley Correctional Facility in Carlisle, Indiana, and named its warden as the respondent. (*See* R. 1 at 1.)

But the warden of WVCF no longer has custody over McMullen. On November 19, 2020, McMullen, through counsel, filed a motion for modification of his sentence in the Superior Court of Grant County, Indiana. (**Ex. 1**.) On April 19, 2021, the court granted that

1

motion and suspended the remainder of McMullen's fifty-year sentence. (**Ex. 2** at 2.) Instead of "standard parole," the court placed McMullen on probation and ordered his release from the Indiana Department of Correction to Grant County's Community Transition Program. (*Id.*) The court ordered McMullen's probation to begin on May 24, 2021, and continue until September 28, 2049. (**Ex. 3** at 1; *see* **Ex. 5**.) (This term of probation encompasses his sentences for the underlying conviction at issue in this appeal and a separate, unrelated case. (*See* Ex. 3 at 1.)) On September 21, 2021, McMullen successfully completed the period of home detention imposed by the Community Transition Program as well as his financial obligations under that program. (**Ex. 4**.) On February 25, 2022, McMullen graduated from Grant County Reentry Court, making him eligible for a 33.33% reduction of his remaining probation term. (Ex. 5.) On May 6, 2022, the state court entered an order granting that reduction. (*Id.*) McMullen's term of probation will now end on July 18, 2040. (*Id.*) While McMullen is no longer physically incarcerated, the terms of his probation make clear that "the Court may at any time revoke, modify or extend [his] probation."[1] (Ex. 3 at 1.)

    When a habeas "petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency." *Wilson v. People*, 139 F.3d 910, 1998 WL 78687, at *1 (9th Cir.

---

[1] Thus, McMullen remains "in custody" for purposes of § 2254. *See Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). His probation "involve[s] significant restraints on [his] liberty." *Jones v. Cunningham*, 371 U.S. 236, 242 (1963). For example, McMullen is prohibited from consuming alcohol, visiting any jails or prisons, and leaving the state without court permission, and must periodically report to his probation officer, consent to searches, seizures, and visits from his probation officer at any time, and submit to drug testing. (Ex. 3 at 1–2.) Additionally, these constraints—along with the possible revocation of his probation "at any time"—show that McMullen continues to "suffer[ ] sufficient collateral consequences from the sentence" he challenges in his petition to prevent his release from mooting this appeal. *See Cochran*, 381 F.3d at 640.

1998) (table). McMullen's probation officer is Gary Dalton. (Ex. 3 at 1; Ex. 5.) And the official in charge of Grant County's Probation Department is Melissa Stephenson, Director of Correctional Services. McMullen therefore moves to substitute Ms. Stephenson and Mr. Dalton into Warden Vanihel's place as Respondents in this appeal.

Filed: August 1, 2022

                                        Respectfully submitted,

                                        s/ *Benjamin S. Morrell*
                                        Benjamin S. Morrell
                                        TAFT STETTINIUS & HOLLISTER LLP
                                        111 E. Wacker Dr., Ste. 2800
                                        Chicago, IL 60601
                                        (312) 527-4000
                                        bmorrell@taftlaw.com

                                        *Counsel for Petitioner*

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| RYAN T. McMULLEN,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>FRANK VANIHEL, Warden,<br><br>    Respondent-Appellee. | Case No. 20-3273 |

### Certificate of Service

I hereby certify that on the date listed below, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that on the date listed below, I served the foregoing document on the prospective substituted respondents, Melissa Stephenson and Gary Dalton, via first-class U.S. Mail, postage prepaid, at the following address:

| | |
|---|---|
| Gary A. Dalton<br>Probation Officer<br>Grant County Probation Department<br>501 South Adams Street<br>Marion, IN 46952 | Melissa A. Stephenson<br>Director of Correctional Services<br>Grant County Probation Department<br>501 South Adams Street<br>Marion, IN 46952 |

*See* Fed. R. App. P. 25(c)(1)(B); 43(a)(1).

Date: August 1, 2022

                                                                                              s/ *Benjamin S. Morrell*
                                                                                              Benjamin S. Morrell
                                                                                              *Counsel for Petitioner*

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| RYAN T. McMULLEN,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>FRANK VANIHEL, Warden,<br><br>    Respondent-Appellee. | Case No. 20-3273 |

### Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that the foregoing document complies with the type-volume limitation of Rule 27(d)(2)(A). This document contains 649 words.

I further certify that the foregoing document complies with the type-face requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6), as this document has been prepared using Microsoft Word 2016 in the proportionally spaced typefaces of Gill Sans MT (headings and captions) and Calisto MT (body), both in 12-point font size. *See* 7th Cir. R. 32(b).

Date: August 1, 2022

                                    s/ *Benjamin S. Morrell*
                                    Benjamin S. Morrell
                                    *Counsel for Petitioner*