UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| RYAN T. McMULLEN,<br><br>  Petitioner-Appellant,<br><br>v.<br><br>GARY DALTON and MELISSA STEPHENSON,<br><br>  Respondents-Appellees. | Case No. 20-3273 |

## Amended Jurisdictional Statement

Petitioner Ryan T. McMullen, through counsel, submits the following Amended Statement Regarding Jurisdiction, pursuant to the Court's September 26, 2022 order (D.E. 26):

*District court's jurisdiction.* The district court had jurisdiction over McMullen's habeas petition pursuant to 28 U.S.C. §§ 2254 and 2241. First, McMullen is "in custody pursuant to the judgment of a State court" and asserts "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); (*see generally* District Court Record ("R.") 1). Second, the Wabash Valley Correctional Facility where McMullen was "in custody" at the time he filed his petition (and at the time the district court's judgment issued) is located in the Southern District of Indiana. *See* 28 U.S.C. § 2241(d).

As discussed *infra*, McMullen has been released from prison and is now in the custody of his probation officer (Respondent Dalton) and the head of the Grant County Probation Department (Respondent Stephenson). Because the terms of his probation impose "significant restraints on [his] liberty," *Jones v. Cunningham*, 371 U.S. 236, 242 (1963), McMullen remains "in custody" for purposes of § 2554(a), *see Cochran v. Buss*, 381 F.3d 637,

640 (7th Cir. 2004). (*See also* Docket Entry ("D.E.") 16-1 at 1–3.)

*Appellate jurisdiction*. This Court has jurisdiction over an appeal from a district court's final decision, 28 U.S.C. § 1291, including a denial of a habeas petition brought under § 2254, *see Carter v. Buesgen*, 10 F.4th 715, 720 (7th Cir. 2021). The district court denied in full McMullen's § 2254 petition and disposed of all of his claims in its order. (RSA at 24.) A "final judgment" accompanied the order. (*Id.* at 26.) This Court therefore has jurisdiction over this appeal.

*Timeliness of appeal*. The district court denied McMullen's habeas petition and entered judgment on October 23, 2020. (R. 13.) McMullen's pro se notice of appeal dated November 19, 2020, reached the district court on November 24, 2020—thirty-two days after the district court entered judgment. (*See* R. 14.) As an inmate confined in an institution, however, McMullen received the benefit of Federal Rule of Appellate Procedure 4(c)(1)'s "prison-mailbox rule." *See Censke v. United States*, 947 F.3d 488, 490 (7th Cir. 2020). It holds that "an inmate's notice of appeal is deemed filed not when received by the court but rather when delivered to prison officials for mailing." *Id.*; *cf.* Fed. R. App. P. 25(a)(2)(A)(iii). McMullen's notice of appeal was so delivered within the time limit. (*See* D.E. 4 at 3; D.E. 8 at 1.)

In response to this Court's order directing former Respondent Vanihel to file a jurisdictional memorandum addressing the timeliness of McMullen's appeal, Respondent admitted that "McMullen filed his notice of appeal on time" and that "[t]he prison mailbox rule saves his notice of appeal." (D.E. 11 at 2, 3; *see* D.E. 10.) This issue is therefore not in dispute.

Filed: September 26, 2022

Respectfully submitted,

s/ *Benjamin S. Morrell*
Benjamin S. Morrell
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Ste. 2800
Chicago, IL 60601
(312) 527-4000
bmorrell@taftlaw.com

*Pro Bono Counsel for Petitioner-Appellant*

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that the foregoing document complies with the applicable type-volume limitation. This document contains 481 words; Petitioner's Amended Statement Regarding Jurisdiction contains 458 words.

I further certify that the foregoing document complies with the type-face requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6), as this document has been prepared using Microsoft Word 2016 in the proportionally spaced typefaces of Gill Sans MT (headings and captions) and Calisto MT (body), both in 12-point font size. *See* 7th Cir. R. 32(b).

Date: September 26, 2022

                                                    s/ *Benjamin S. Morrell*
                                                    Benjamin S. Morrell
                                                    *Pro Bono Counsel for Petitioner-Appellant*

## Certificate of Service

I hereby certify that on the date listed below, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Date: September 26, 2022

                                                    s/ *Benjamin S. Morrell*
                                                  Benjamin S. Morrell
                                                  *Pro Bono Counsel for Petitioner-Appellant*